IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNATHAN RAY #478288, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:16-cv-02726 |
| ) | |
| v. ) | Judge Campbell |
| ) | |
| CORRECTIONS CORP. OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Johnathan Ray, an inmate in the Turner Trousdale Correctional Center ("TTCC") in Hartsville, Tennessee, has filed this *pro se* action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Presently before the Court is Plaintiff's application to proceed in forma pauperis ("IFP"). (ECF No. 5.) In addition, his Complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

    A.    **Application to Proceed as a Pauper**

Under 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (ECF No. 5) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless **ASSESSED** the $350.00 civil filing fee. The Warden of TTCC, as custodian of Plaintiff's prison trust account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly

income (or income credited to Plaintiff for the preceding month), but only when the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The clerk of court **MUST** send a copy of this Order to the Warden of TTCC to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this Order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

### B. Initial Review of the Complaint

Having granted Plaintiff leave to pursue this suit without prepaying the filing fee, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings

that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; see also *Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Plaintiff alleges that at 11:30 a.m. on July 13, 2016, he was taken to a segregation unit, where he stayed until July 16, 2016, when he was released from segregation without ever receiving

that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; see also *Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Plaintiff alleges that at 11:30 a.m. on July 13, 2016, he was taken to a segregation unit, where he stayed until July 16, 2016, when he was released from segregation without ever receiving

a disciplinary write-up. (ECF No. 1, at 2, 5.) He alleges that for his first 10–12 hours in the segregation unit he was held in the shower area, because there was no cell available. (ECF No. 1, at 2, 5.) After a few hours, he complained to an Officer Angel that he needed to urinate, but Angel warned him not to urinate in the shower or he would be written up. (ECF No. 1, at 2, 5.) Plaintiff alleges that he held his bladder for 10 hours before being placed in a cell. (ECF No. 1, at 2, 5.) Once in the cell, Plaintiff alleges that he had only a mat. He was not provided with his property or any blankets, and only had use of a sheet when his cell-mate loaned him one days later. (ECF No. 1, at 5.) On July 16, Plaintiff spoke to Defendant Rivers about his property. (*Id.*) Later that day, Plaintiff received his property and was released from segregation. (*Id.*) He alleges that he continues to have unspecified "problems with [his] bladder" since the incident of July 13. (*Id.*) Plaintiff claims that the facts described caused him pain and suffering, and he sues Corrections Corporation of America and Defendant Rivers for $7 Million. (ECF No. 1, at 3.) He also seeks to have TTCC's segregation unit placed under new management and to have an investigation conducted into how inmates are placed in segregation. (*Id.*)

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The Eighth Amendment protects against conditions of confinement that constitute serious health or safety threats, but not against those that cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences

and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the Eighth Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam). In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson*, 503 U.S. at 8-9. For challenged conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

Plaintiff's allegation that he was without his personal property for 3 days clearly does not constitute an extreme deprivation under this standard. Nor does the allegation that he was not provided a blanket, in the absence of any claim that the cell temperature was shockingly low for mid-July in Tennessee. However, being denied access to a toilet for 10–12 hours does present a nonfrivolous claim of sufficiently extreme deprivation to state a claim for violation of the Eighth Amendment. *See Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (finding Eighth Amendment violation was clearly established where inmate "was handcuffed behind his back for twelve hours, during which time he missed a meal and was unable to sit or lie down without pain, use the restroom, or obtain water from the fountain"). Moreover, being subjected to such conditions in segregation without being given notice of his offense or a hearing arguably constitutes an "atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life," as necessary to state a claim for violation of his right to due process. *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir.1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 48 (1995)).

Plaintiff has not sufficiently connected Defendant Rivers to these violations to state a claim against him. A defendant's personal involvement in the deprivation of constitutional rights is required to establish his or her liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005). Plaintiff does not allege that Defendant Rivers was personally involved in preventing him from accessing a toilet on July 13, and limits any mention of Rivers on that day to the fact that he was "present." (ECF No. 1, at 2.) This is insufficient to demonstrate Rivers's liability for the alleged violation.

Plaintiff also names Corrections Corporation of America ("CCA"), the private contractor operating the prison, as a defendant. Although a private corporation that performs a traditional state function acts under the color of state law for purposes of § 1983, it cannot be found liable solely on the basis of *respondeat superior*. *Thomas v. Coble*, 55 F. App'x 748, 748-49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official corporate policy or custom. *Id.* at 749 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996). For the purposes of initial review, the Court liberally construes Plaintiff's request for an investigation into TTCC's process for segregating inmates and for a new management team in the segregation unit to allege that his time spent in the segregation unit shower area was connected to prison policy or custom. This is sufficient to state a nonfrivolous claim at this stage of the litigation.

The only individual against whom Plaintiff alleges explicit facts in connection with the violations is Officer Angel. Specifically, Plaintiff alleges that while he was in the shower area he begged Officer Angel for a cell (ECF No. 1, at 2) and told Angel that he needed to urinate, but she responded only by threatening to write him up if he urinated in the shower. (ECF No. 1, at 5.) Plaintiff does not formally list Angel as a defendant to this suit, but "[a]s we have noted, *pro se* complaints are to be liberally construed, and courts may construe them as having named

defendants who are mentioned only in the body of the complaint." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 559 (7th Cir. 1996). Accordingly, the Court construes the complaint to name Officer Angel as a defendant, and finds that it states a claim against her for violation of Plaintiff's constitutional rights.

The Clerk is **INSTRUCTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Angel and CCA. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **21 days** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**. Plaintiff is warned that the failure to return the completed service packets within the time required could jeopardize prosecution of this action, but he may request additional time for complying with this Order if necessary.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may sua sponte recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

It is so **ORDERED**.

*Todd Campbell*
TODD CAMPBELL
United States District Judge