UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNATHAN RAY,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTION CORPORATION OF AMERICA, et al.,<br><br>    Defendants. | Case No. 3:16-cv-02726<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By order entered October 31, 2016, the Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to dispose or recommend disposition of any pre-trial motions. (Doc. No. 6, PageID# 27.) This case has been pending on the Court's docket with no action taken by Plaintiff Johnathan Ray since he filed a document entitled "Summons" on November 2, 2016. (Doc. No. 8.) No defendant has been served, and Ray did not respond to the Court's order to show cause why this action should not be dismissed for failure to prosecute. (Doc. No. 14.) Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01.

### I.    Factual and Procedural Background

Ray filed this lawsuit against the Correction Corporation of America (CCA) and Sergeant Rivers under 42 U.S.C. § 1983 on January 26, 2016, while Ray was incarcerated at the Trousdale Turner Correctional Center (TTCC). (Doc. No. 1, PageID# 1–2.) Ray claims that, on July 13, 2016, he was housed in segregation in a jail shower because, according to Officer Angel and Sergeant

Rivers, "[there weren't] any cells open." (*Id.* at PageID# 5.) "After a few hours pass[ed]," Ray informed Angel that he had to use the bathroom. (*Id.*) Angel responded by warning Ray that he "better not piss in the shower or [he] would be written up." (*Id.*) Ray proceeded to "[hold his] bladder for ten hours." (*Id.*) Ray was then transferred to a cell that contained only a mat and, over the next few days, he was deprived of his property and a blanket. (*Id.*) Ray was released on July 16, 2016, "without any write ups." (*Id.*) Ray alleges that his treatment in segregation amounted to "cruel and unusual punishment" and that he has had "problems with [his] bladder ever since the inc[i]dent." (*Id.*) Ray seeks $7 million in damages and an order placing TTCC under new management and mandating an "investigation . . . [into] how inmates are placed in [segregation] and confinement." (*Id.*)

On October 31, 2016, the Court granted Ray's application to proceed in forma pauperis and, after conducting an initial review of his complaint, found that Ray had stated an Eighth Amendment claim against Officer Angel and CCA based on their alleged role in depriving Ray of an opportunity to use the bathroom while he was segregated in the shower. (Doc. No. 6, PageID# 25–26.) All other claims were dismissed. (*Id.* at PageID# 25–27.) The Court instructed the Clerk's Office to provide Ray with service packets for Angel and CCA and warned Ray that "failure to return the completed service packets within [21 days] could jeopardize prosecution of this action, but he may request additional time for complying with [the] Order if necessary." (*Id.* at PageID# 27.) In an apparent effort to comply with the Court's instruction, Ray filed a document entitled "Summons" on November 2, 2016. (Doc. No. 8.) Although this filing contains some language related to service of process, it is not addressed to any defendant in the action. (*Id.*)

On April 18, 2018, the Court noted that Ray had not completed a service packet for either defendant and that no defendant had been served, eighteen months after the action was filed.

(Doc. No. 14, PageID# 45.) The Court explained that Local Rule 41.01 requires dismissal as a matter of course of any "civil action that has been on the docket for six (6) months without any responsive pleading or other court proceeding taken therein," although that dismissal "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." (*Id.* (quoting M.D. Tenn. Rule 41.01 (dismissal of inactive cases)).) Although dismissal under Local Rule 41.01 was appropriate on April 18, 2018, the Court allowed Ray "the opportunity to show why the . . . magistrate judge should not recommend that [Ray's] action be dismissed for [his] failure to prosecute his claims." (*Id.* at PageID# 46.) The Court warned Ray that "failure to respond to [the] order [by May 18, 2018] may result in a recommendation that his case be dismissed." (*Id.*) Ray did not respond to the order.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Courts also retain their inherent power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (holding that "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. 626). Consistent with *Link*, this Court's Local Rule 41.01 requires sua sponte dismissal for failure to prosecute of "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice

3

to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

### III. Analysis

This action should be dismissed for failure to prosecute under Rule 41(b) and Local Rule 41.01. Although there is no evidence that Ray's failure to prosecute his lawsuit was motivated by bad faith, he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). Despite the Court's instruction to complete service packets for Angel and CCA, Ray never did so; he then failed to respond to the April 18, 2018 show cause order. (Doc. Nos. 6, 14.) That order warned Ray that a failure to respond could lead to dismissal of his lawsuit. (Doc. No. 14, PageID# 46.) Ray's lack of response and the

4

fact that he has not filed anything since November 2, 2016, indicates that he has likely lost interest in this lawsuit.

The "less-drastic" sanction of dismissal without prejudice is available, and it is appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). This Court's Local Rules strike the same balance, providing that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. Rule 41.01. Dismissal without prejudice best addresses all the interests of this litigation.

**IV.    Recommendation**

In light of the lack of any activity in this case since November 2016 and Ray's failure to respond to the Court's orders, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE under Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen days after being served with this report and recommendation in which to file any written objections to it. A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 3rd day of August, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge